UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RYAN VAN BEEK,  :
          Plaintiff,  :
  :  **MEMORANDUM OPINION**
v.  :  **AND ORDER**
  :
PROFESSIONAL DATA SYSTEMS, INC.,  :  16 CV 610 (VB)
          Defendant.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Ryan Van Beek brings claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and New York state law against defendant Professional Data Systems, Inc. ("PDS"), alleging PDS wrongfully terminated him on the basis of a prior misdemeanor conviction.

      Now pending is PDS's motion to dismiss the complaint. (Doc. #19).

      For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

      In deciding the pending motion, the Court accepts as true all well-pleaded allegations of plaintiff's complaint and draws all reasonable inferences in plaintiff's favor.

      In 2000, when plaintiff was twenty-two years old, he was convicted of a misdemeanor offense in state court. (Compl. ¶¶ 14, 20).

      Plaintiff was hired by PDS in 2008, and by 2015 he held the position of Senior Technical Advisor. (Compl. ¶ 13). Plaintiff alleges PDS was aware of his misdemeanor conviction when he was hired and throughout the term of his employment. (Id. ¶ 15). Moreover, plaintiff alleges

PDS "regularly and routinely promoted" plaintiff and provided him "pay raises and advancement" within the company, despite his prior misdemeanor conviction.  (Id. ¶ 16).

In 2014, PDS underwent a "merger and/or acquisition with" Stemp Systems Group, Inc. (Compl. ¶ 18).  During the negotiation of that merger/acquisition, "multiple authorized members of PDS management" told plaintiff that "representatives of Stemp Systems, Inc., had taken the position that [p]laintiff's employment must be terminated immediately upon completion of said merger/acquisition" because of "the existence of the misdemeanor conviction."  (Id. ¶¶ 19-20).  Plaintiff was terminated in July 2015.  (Id. ¶ 16).

Plaintiff alleges he was terminated "solely on the basis of" his misdemeanor conviction.  (Compl. ¶ 21).  He alleges this constituted discrimination and caused him humiliation, physical illness, and emotional distress.  (Id. ¶ 22).

On September 28, 2015, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff thereafter received a right to sue letter from the EEOC, and he timely commenced this lawsuit on January 28, 2016.

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.    Title VII

PDS argues plaintiff's complaint fails to state a Title VII claim.

The Court agrees.

Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2. To establish a prima facie case of discriminatory discharge under Title VII, a plaintiff must "show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz v. Cty. of Rockland, 609 F.3d 486, 492 (2d Cir. 2010).

Here, plaintiff alleges in his complaint that he "is a member of a protected class as defined by Title VII," but he does not indicate membership in any of the classes Title VII protects. (Compl. ¶ 11). Instead, plaintiff alleges only that he was terminated "solely on the basis of [his prior] misdemeanor conviction." (Id. at ¶ 21).

Title VII does not prohibit discrimination on the basis of a prior criminal conviction.  See e.g., Booker v. City of New York, 2017 WL 151625, at *3 (S.D.N.Y. Jan. 13, 2017) (collecting cases) ("Title VII does not prohibit discrimination against individuals with criminal records.").

Accordingly, the complaint fails to state a claim under Title VII.

### III.   Civil Rights Act of 1991

Plaintiff also purports to assert a cause of action under the Civil Rights Act of 1991, but provides no detail regarding facts that supposedly support that claim or what portion of that Act he believes defendant violated.  The Court therefore dismisses that claim for lack of specificity. See Tubner v. West, 162 F.3d 1148 (2d Cir. 1998) (summary order) ("The Civil Rights Act of 1991 amended various civil rights laws, including 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 12111. Because [plaintiff] did not specify what portion of the Act the defendants allegedly violated, this claim was properly dismissed for lack of specificity.") (internal citation omitted).

### IV.   Supplemental Jurisdiction

Because the Court grants PDS's motion to dismiss plaintiff's federal claims, there are no claims remaining over which it has original jurisdiction.  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c)(3).  The Court declines to exercise supplemental jurisdiction over the remaining state law claims here.

### V.   Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a).

By Order dated May 27, 2016, after PDS filed the instant motion to dismiss, the Court sua sponte granted plaintiff leave to file an amended complaint. (Doc. #15). The Order further stated that if plaintiff chose to rely on the original complaint, he would not be granted leave to file an amended complaint absent special circumstances.

By letter dated June 3, 2016, plaintiff's counsel informed the Court that plaintiff intended to file an amended complaint by June 17, 2016. (Doc. #16). However, on June 15, 2016, plaintiff's counsel stated that "[a]fter further review of the existing complaint and Defendant's motion, Plaintiff has reconsidered [his] position regarding amendment and instead prefers not to amend his complaint." (Doc. #18).

As a result, the Court has already given plaintiff a reasonable opportunity to show he has a valid claim and an opportunity to ameliorate his complaint, and plaintiff has declined to do so.

Accordingly, the Court declines to grant plaintiff a further opportunity to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #19) and close the case.

Dated: February 6, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge